|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | UNITED STATES DISTRICT COURT |
| 9 | | WESTERN DISTRICT OF WASHINGTON AT TACOMA |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GARY CASTERLOW-BEY,

          Plaintiff,

    v.

CLASSIFICATION SARGENT CARUSO AND PIERCE COUNTY SHERRIFF EILEEN BISSON,

          Defendant.

CASE NO. 3:17-CV-05605-RJB-JRC

ORDER TO SHOW CAUSE OR AMEND COMPLAINT

Plaintiff Gary Casterlow-Bey, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. He alleges that defendants violated his constitutional rights when they inhibited his access to the Court and limited his ability to litigate a pending action. Plaintiff failed to allege, however, that any named defendant caused him "actual injury" by the alleged constitutional violation. Therefore, having reviewed and screened plaintiff's complaint under 28 U.S.C. § 1915A, the Court declines to serve the Complaint, but will allow plaintiff leave to file an amended pleading by October 2, 2017, to cure the deficiencies identified herein.

## BACKGROUND

Plaintiff is housed at the Pierce County Jail on pre-trial status. Dkt. 8 at 3. He states that, while detained, he is litigating an unrelated action in the federal district court and has three pending deadlines in September and October. *Id*. However, he alleges that defendants have inhibited his access to the Court, limiting his ability to litigate his action and imposing "repressive, oppressive, and discriminatory" conditions. *Id*. at 3-4. He states that defendants are impeding his "constitutional, civil, and human right to litigate in federal court while in the physical custody of the County of Pierce." *Id*. at 4.

As relief, plaintiff requests $10 million in compensatory damages, $10 million in punitive damages, and $30 million in "barbaric consequential damages" related to the alleged constitutional violations. *Id*. at 4-5.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

### I. Access to Courts

Plaintiff alleges his constitutional rights were violated when defendants limited his ability to litigate an unrelated case he had filed in federal district court. Dkt. 8. Inmates have a "fundamental constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). In *Bounds,* the Supreme Court held that the right of access imposes an affirmative duty on prison officials to assist inmates in preparing and filing legal papers, either by establishing an adequate law library or by providing adequate assistance from persons trained in the law. *Id.* at 828. In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court held a prisoner must show some actual injury resulting from a denial of access in order to allege a constitutional violation. *Id*. at 349.

To establish he suffered an actual injury, plaintiff must show "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *Christopher v. Harbury*, 536 U.S. 403, 415, (2002); *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011); *Phillips v. Hurst*, 588 F.3d 652, 655 (9th Cir. 2009). The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 cases. *See Lewis*, 518 U.S. at 353 n. 3, 354-55. "Failure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to [an access to courts] claim." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n. 1 (9th Cir. 2008) (*quoting Lewis*, 518 U.S. at 353 & n. 4).

Here, plaintiff has not alleged an injury or prejudice. At most, he speculates that he could miss three future deadlines if he is unable to file documents on time. Dkt. 8 at 3. Though he notes that he has asked jail officials to copy and mail his legal documents, he has not explained why that has caused him harm. *Id*. He does not claim that he has missed any filing deadlines, that he has missed any hearings, or that any defendant or other prison official has mishandled his documents. The complaint fails to allege facts showing plaintiff had a legal claim frustrated by defendant's actions. *See Exmundo v. Kevorkian*, 2009 WL 3416236, *3 (E.D. Cal. Oct. 22, 2009). Therefore, plaintiff has not demonstrated how he has suffered actual injury with respect to his ongoing litigation.

In addition to failing to allege an injury, plaintiff fails to allege facts showing how each defendant proximately caused the alleged constitutional violations. *See* Dkt. 8. To state a claim under § 1983, plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold*, 637 F.2d at 1355. A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or failing to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633.

Plaintiff names Classification Sargent Caruso and Sheriff Eileen Bisson as defendants in this action. Dkt. 8. While plaintiff's factual summary identifies the two defendants, plaintiff fails to clearly state the alleged wrong-doing of each defendant. *See id.* Rather, he states broadly that "Pierce County Jail Policy as interpreted by [defendants] are both repressive, oppressive, and discriminatory in nature," and that defendant Caruso verbally conveyed that the jail does not

recognize the authority of this Court. Dkt. 8 at 3-4. He presents only sweeping conclusory allegations against defendants, and therefore has failed to show how each defendant personally participated in the alleged constitutional violations.

If plaintiff wishes to pursue this § 1983 action, he must provide a short, plain statement explaining exactly what each defendant did or failed to do and how the actions violated his right of access to the courts.

**II.     Instructions to Plaintiff and the Clerk**

If plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; *(3) exactly what the individual did or failed to do*; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to the violation of plaintiff's rights.

If plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein **on or before October 2, 2017**, the undersigned will recommend dismissal of this action.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this order and Pro Se Instruction Sheet to plaintiff.

Dated this 1st day of September, 2017.

J. Richard Creatura
United States Magistrate Judge