| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA | |
| GARY CASTERLOW-BEY,<br><br>                Plaintiff,<br><br>    v.<br><br>CARUSO, et al.,<br><br>                Defendant. | CASE NO. 3:17-cv-05605-RJB-JRC<br><br>ORDER GRANTING MOTION TO AMEND |

This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

Plaintiff requests that he be allowed to add a conspiracy claim to his amended complaint, and he has filed a separate supplement alleging further unconstitutional behavior by defendants. The Court interprets these collectively as a motion for leave to file an amended complaint. Because the Court believes it is in the interests of justice to allow plaintiff to raise these additional claims, plaintiff's motion for leave to amend is granted.

# BACKGROUND

Plaintiff filed his original complaint in August of 2017. Dkt. 1. Pursuant to an order from the Court, he filed an amended complaint, alleging violations of the 1st, 5th, 8th, and 14th Amendments when defendants allegedly housed him in unconstitutional conditions and blocked his access to legal materials. Dkt. 13. Subsequently, plaintiff filed a motion to add a conspiracy claim under 42 U.S.C. § 1985. Dkt. 16. He later filed a "supplement" to his amended complaint, explaining the alleged injury he suffered when defendants allegedly blocked his access to the courts. Dkt. 18. The Court interprets these two filings collectively as a motion to amend his current complaint.

# DISCUSSION

Plaintiff requests that the Court allow him to add a conspiracy claim to his amended complaint and has also filed a separate supplement to his complaint. As a matter of course, a party may amend its pleading once within 21 days of serving it or, if it is a pleading requires a response, within 21 days after service of the response. Fed. R. Civ. Proc. 15(a)(1). In all other cases, "a party may amend its pleading only with . . . the court's leave." *Id*. (a)(2). "The court should freely give leave when justice so requires." *Id*. The Court interprets plaintiff's motion to add the conspiracy claim as a motion for leave to file a second amended complaint.

Here, the Court believes the interests of justice dictate that plaintiff have the opportunity to file an amended complaint. Accompanying plaintiff's motion is a memorandum explaining an alleged conspiracy depriving plaintiff of access to the courts and housing him in harsh, allegedly unconstitutional conditions. Dkt. 16. In a separate document, he further alleges that defendants have inhibited his ability to access the courts by refusing to provide him writing materials, apparently causing him to miss several deadlines. Dkt. 18. The Court notes that plaintiff has

neglected to include an explicit showing that the defendants reached a unity of purpose or common design for his conspiracy allegations. *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cit. 1999). However, the Court finds that it would not serve the ends of justice to deny plaintiff's request to amend his complaint. Therefore, plaintiff's motion (Dkt. 16) is granted. Plaintiff may file a second amended complaint containing all his allegations, including his conspiracy claim and alleged injury from lack of access to the courts, on or before **November 17, 2017**. In order to comply with Court rules, all of plaintiff's allegations must be set forth in a single complaint. The Court will not consider the additional allegations raised in his motion or his supplement unless they are incorporated into this second amended complaint.

## CONCLUSION

The Court grants plaintiff's request and allows plaintiff to file a second amended complaint. If plaintiff wishes to include the additional claims raised in his motion and his supplement, he must present this second amended complaint on the form provided by the Court, incorporating **all** the claims he wishes to bring against defendants. The second amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the amended complaint by reference. The second amended complaint will act as a complete substitute for the amended complaint, and not as a supplement. A second amended complaint supersedes the amended complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the second amended complaint **must be complete in itself** and all facts and causes of action alleged in the amended complaint that are not alleged in the second amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the second amended

complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

If plaintiff fails to file a second amended complaint containing all his allegations **on or before November 17, 2017**, the current amended complaint (Dkt. 13) will remain the operative complaint in this action. The Court will not consider the additional allegations raised in plaintiff's motion (Dkt. 16) or his supplement (Dkt. 18) unless they are incorporated into the second amended complaint.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this order and Pro Se Instruction Sheet to plaintiff.

Dated this 17th day of October, 2017.

J. Richard Creatura
United States Magistrate Judge