UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GARY CASTERLOW-BEY,<br><br>                        Plaintiff,<br><br>         v.<br><br>CARUSO, et al.,<br><br>                        Defendants. | CASE NO. 3:17-cv-05605-RJB-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: FEBRUARY 2, 2018 |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4. Before the Court is plaintiff's motion for temporary restraining order and preliminary injunction. Dkt. 12. However, it is too early in litigation to determine plaintiff's likelihood of success and he has not demonstrated an actual injury requiring injunctive relief. Therefore, the Court recommends denying his motion.

## BACKGROUND

Plaintiff is a pretrial detainee currently being held at the Pierce County Jail ("Jail"). Pursuant to an order from this Court, he filed a third amended complaint (Dkt. 31), alleging staff at the Jail are keeping him in intolerable conditions, including confiscating and refusing to return his legal and writing materials. He requests that his access to legal materials be restored, that he be housed in livable conditions, and requests $5 million in damages. *Id*. In his motion for preliminary injunction, plaintiff alleges, as in his complaint, that he is being denied access to legal materials. Dkt. 12. Specifically, he requests the Court immediately provide an order clearly outlining his *pro se* and *in forma pauperis* status and recognizing his right to have legal documents mailed through the prison postal system. *Id*. He specifically cites three of his cases to which his access is allegedly being restricted: a civil suit for damages (*Casterlow-Bey v. Trafford Publishing Co.*, 3:17-cv-05459-RJB); and two prisoner civil rights suits under 42 U.S.C. § 1983 (*Casterlow-Bey v. Keisler*, 3:17-cv-05561-BHS-TLF; *Casterlow-Bey v. Jarmon*, 3:17-cv-05647-BHS-TLF). He states that, if the Court does not provide him with this order clarifying his status and provide an injunction forcing prison staff to mail his legal materials, his cases will continue to falter and he will continue to be denied relief. *Id*.

## DISCUSSION

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations and quotation omitted). Instead, the instant motion requires the court to "balance the competing claims of injury and . . . the effect of the granting or withholding of the requested relief." *Winter v. Natural Res. Def. Council*, 129 S. Ct. 365, 376 (2008) (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987)). A plaintiff seeking a preliminary injunction must establish the following: (1) a

1 | likelihood of success on the merits; (2) a likelihood of irreparable injury to the plaintiff if
2 | injunctive relief is not granted; (3) a balance of hardships favoring the plaintiff; and (4)
3 | advancement of the public interest. *Id.* (citations omitted). This is an "extraordinary remedy that
4 | may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 376.
5 | Moreover, Plaintiff must show more than a mere "possibility" of irreparable harm, but instead
6 | must "demonstrate that irreparable injury is likely in the absence of an injunction." *Id*. at 375
7 | (emphasis and citations omitted).

8 |     Here, plaintiff has not demonstrated he requires the extraordinary remedy of preliminary
9 | injunction. First, the complaint has only recently been served on defendants. Since they have not
10 | even had a chance to respond yet, it is too early in the case to determine plaintiff's likelihood of
11 | success. Though he generally asserts he will have continued injury, he has not shown more than
12 | a mere possibility of a vague and allegedly irreparable harm. Further, one of the cases he is
13 | allegedly being denied access to has been dismissed (*Jarmon*, 3:17-cv-05647-BHS-TLF, Dkt.
14 | 13) and another is a general civil case (*Trafford*, 317-cv-05459-RJB), for which he does not have
15 | a right to access the courts. *See Lewis v. Casey*, 518 U.S. 343, 353 n.3 (1996) (right to access
16 | courts as a prisoner is limited to direct criminal appeals, habeas corpus proceedings, and § 1983
17 | action). Though, as a prisoner with limited access to legal resources, the balance of hardships
18 | may tip in plaintiff's favor, he has not demonstrated why a preliminary injunction would advance
19 | the public interest. Plaintiff has not provided a clear showing that he is entitled to preliminary
20 | injunctive relief. Therefore, the Court recommends plaintiff's motion for temporary restraining
21 | order be denied.

**CONCLUSION**

For the reasons stated above, the Court recommends that plaintiff's motion for temporary restraining order (Dkt. 12) be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 2, 2018**, as noted in the caption.

Dated this 5th day of January, 2018.

J. Richard Creatura
United States Magistrate Judge