UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GARY CASTERLOW-BEY,

          Plaintiff,

v.

CARUSO, et al.,

          Defendants.

CASE NO. 3:17-cv-05605-RJB-JRC

ORDER DENYING MOTION FOR OVERLENGTH MOTION

This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Before the Court is plaintiff Gary Casterlow-Bey's motion to file overlength motion. Dkt. 64.

Plaintiff styles his motion a "motion to file overlength motion as established in LCR 37(f); continuation of amended complaint ordered by court on 9/1/2017." Dkt. 64 at 1. There is no local rule entitled "LCR 37(f)," and LCR 37 pertains to discovery disputes and sanctions rather than overlength motions or briefing. However, LCR 7(f) pertains to overlength filings.

1 Therefore, the Court interprets this title to refer to a motion pursuant to LCR 7, rather than LCR 37.

Motions seeking approval to file overlength pleadings are generally disfavored. LCR 7(f). However, the Court may grant one if it is filed no later than three days before the deadline for the pleading, is specific in the number of additional pages requested, and is no more than two pages in length. *Id*.

Here, it is unclear what plaintiff requests. The body of his pleading is a six page recitation of alleged unlawful conduct undertaken by defendants more akin to a complaint than a motion. *See* Dkt. 64 at 1-7. He does not explain how many additional pages he requires nor has he kept the motion below two pages. Insofar as he brings a motion to file an overlength pleading pursuant to Local Rule 7(f), plaintiff has not adhered to the requirements of that rule and the Court therefore denies the motion.

Insofar as he requests leave to file an addendum or continuation to the first amended complaint "ordered by Court on 9/1/2017" (*see* Dkt. 64 at 1), his request is moot. The Court provided plaintiff until October 2, 2017, to file his first amended complaint. However, since then, the Court has allowed plaintiff to amend his complaint two additional times. Dkts. 19, 30. Since his third amended complaint supersedes his second amended, first amended, and original complaints, attempting to add to his first amended complaint is moot.

Finally, insofar as plaintiff is attempting to file an addendum or continuation of his third amended complaint, plaintiff has done so improperly. As of right, plaintiff may amend his complaint once up to 21 days after defendants have filed their response. Fed. R. Civ. P. 15(a)(1). Since he has already done so, now plaintiff "may amend [his] pleading on with . . . the court's leave. *Id*. (a)(2). In addition, amended pleadings "must not incorporate by reference any part of

the preceding pleading . . . ." LCR 15. If plaintiff wishes to amend his complaint, he must first request leave to do so and then file an amended complaint that acts as a complete substitute for the preceding pleading. Because plaintiff has done neither of these here, the Court also denies his motion on that ground.

For the reasons stated above, the Court denies plaintiff's motion for an overlength pleading (Dkt. 64).

Dated this 5th day of March, 2018.

J. Richard Creatura
United States Magistrate Judge