UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GARY CASTERLOW-BEY,

    Plaintiff,

v.

CARUSO, et al.,

    Defendants.

CASE NO. 3:17-cv-05605-RJB-JRC

REPORT AND RECOMMENDATION

NOTED FOR: MAY 11, 2018

This 42 U.S.C. § 1983 civil rights matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Before the Court are defendants' motions to dismiss. Dkts. 69, 73.

Plaintiff Gary Casterlow-Bey filed a third amended complaint alleging that defendants confiscated his legal materials and obstructed his access to the courts, placed him in a non-residential holding cell in violation of his protections against cruel and unusual punishment, and unlawfully failed to provide treatment in violation of the American with Disabilities Act ("ADA"). However, plaintiff has failed to describe any of individual defendants violated his rights, or even to mention the defendants in the body of his complaint. Instead, plaintiff alleges

general allegations apparently perpetrated by the proverbial "they". That is insufficient. Because the Court has previously notified plaintiff of the need to plead personal participation in his complaint, and because this is his third amended complaint, which still suffers from the same deficiencies, the Court recommends granting defendants' motions and dismissing plaintiff's action without leave to amend.

## BACKGROUND and PROCEDURAL HISTORY

Plaintiff filed his original complaint in August of 2017. Dkt. 1. Pursuant to an order from this Court indicating plaintiff had failed to allege personal participation, plaintiff filed an amended complaint in September of 2017. Dkts. 9, 13, 14. Plaintiff then filed a motion to amend his complaint to include conspiracy claims (Dkt. 16), which the Court granted (Dkt. 19). Plaintiff then again filed a motion to amend, this time to include additional defendants (Dkt. 25), which the Court again granted (Dkt. 30). Plaintiff filed his third amended complaint, the operative complaint in this action. Dkt. 31.

In his third amended complaint, plaintiff alleges that defendants violated his constitutional rights when they confiscated his legal documents, refused to return them, and thereby blocked his access to the courts. Dkt. 31 at 3. He further alleges that he is living with a disability and that defendants housed him in a non-living holding cell with no accommodations for his disability, forced him to sleep on the concrete floor, and held him in isolation with no access to the law library. *Id*. Plaintiff also alleges, while housed in this cell, he fell and struck his head, "requiring emergency medical treat[ment] in violation of [the] 1990 Americans with Disabilities Act." *Id*. Plaintiff alleges his lack of legal access prohibited him from effectively pursuing four civil actions pending in the federal court and requests $5 million in compensatory and punitive damages. *Id*. at 3-4.

1  Defendants filed two separate motions to dismiss. Dkts. 69, 73. One motion to dismiss
2  was filed by "Nurse Defendants" "E. Yagi," "B. Cammer," "C. Carrillo," "S. Bual," and "V.
3  Valencia." Dkt. 73. The other motion to dismiss was filed by the "Pierce County Defendants,"
4  that is all remaining defendants not named as "Nurse Defendants." Dkt. 69. Both motions
5  argued, among other defenses, that plaintiff had failed to allege personal participation by any
6  defendants. Dkts. 69, 73. Plaintiff responded, arguing defendants were attempting to use Rule 12
7  as a "technical ruse and civil legal maneuver" to avoid addressing plaintiff's claims on the merits
8  and asking the Court to allow the complaint to be addressed on the merits before a jury. Dkt. 74.
9  Defendants filed a reply, stating plaintiff did not adequately respond to their motions, thereby
10 allowing the Court to infer that the motions have merit. Dkts. 75 at 2, 76 at 2 (citing LCR
11 7(b)(2)).

## STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be granted only if the complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Id.*; *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). The pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

When a plaintiff is proceeding *pro se*, his allegations must be viewed under a less stringent standard than allegations of plaintiffs represented by counsel. *Haines v. Kerner,* 404 US

519 (1972), *reh'g denied,* 405 U.S. 948 (1972); *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc) (petitioner should be afforded the "benefit of any doubt"). While the court must liberally construe a plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). The court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

**DISCUSSION**

**I.     Personal Participation**

To state a claim under 42 U.S.C. § 1983, plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. Int'l Business Machines Corp.*, 637 F.2d 1350, 1355. A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff must show that an individual defendant participated in or directed the alleged harm, or knew of the harm and failed to act to prevent it. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999).

Here, plaintiff alleges that, "acting under color of state law and in a collusionary [sic] fashion," defendants violated his rights when they confiscated a box of his legal papers, transferred him to a non-living area without the necessary accommodations, withheld writing materials from him, and failed to provide medical care in violation of the ADA. Dkt. 31 at 3. He states that he "asked each defendant named for help," yet "all named defendants acted indirectly

as well as directly participating in violation of [plaintiff's rights]." *Id*. at 4. However, plaintiff has not described with any level of specificity who violated his right or how they did so. Rather, he relies on a recitation of alleged violations followed by a generalized description that all defendants contributed to the violations "indirectly as well as directly." *Id*. His recitation is akin to the "unadorned, the-defendant-unlawfully-harmed-me accusation" that does not suffice as a § 1983 complaint. *Iqbal*, 556 U.S. at 678. Because of this, plaintiff has not raised any claims under § 1983 for which the Court can grant relief. Therefore, the Court recommends granting defendants' motions to dismiss as to the § 1983 claims.

## II.     Claims Under 28 U.S.C. § § 1985 and 1986

In relevant part, § 1985 prohibits "two or more persons" from "depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). A claim under § 1985(3) requires "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *see also RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1056 (9th Cir. 2002). Moreover, the mere allegation of conspiracy without supporting facts is insufficient to state a claim under § 1985. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 625 (9th Cir. 1988). A claim under § 1986 can only succeed if a plaintiff has shown a valid § 1985 claim. *Id*. at 626.

Here, plaintiff alleges that defendants acted in a "collusionary [sic] fashion" in violation of § 1985. Dkt. 31 at 3. However, as noted above, he has failed to describe any actions individual defendants took, rendering this statement a mere allegation without supporting facts. Further, he has not described any invidious discrimination against him. Though he seems to imply his constitutional rights were violated as a person with a disability, he has neither described that

1  disability nor indicated that the alleged unconstitutional actions were taken because of that
2  disability. Because plaintiff has not described any of the individual defendant's actions and,
3  further, has not indicated that those alleged actions were motivated by discriminatory animus,
4  plaintiff has not stated a claim under § 1985. Because claims under § 1986 are predicated on
5  valid § 1985 claims, plaintiff has similarly failed to state a claim under § 1986. Therefore, the
6  Court recommends granting defendants motion to dismiss as to the § § 1985 and 1986 claims.

## CONCLUSION

For the reasons set forth above, the Court recommends defendants' motions to dismiss (Dkts. 69, 73) be granted. Because the Court has already warned plaintiff of the personal participation deficiency (*see* Dkt. 9) and because plaintiff is on his third amended complaint, but has still failed to correct the deficiency, the Court recommends dismissing the action without leave to amend.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on May 11, 2018 as noted in the caption.

Dated this 16th day of April, 2018.

J. Richard Creatura
United States Magistrate Judge